IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOMMY DILLE, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 13-2668 |
| DAY & ZIMMERMANN NPS and DAVE BALATINCZ, | |
| Defendants. | |

**MEMORANDUM**

**SCHMEHL, J.**                                                                                     **July 29, 2014**

Plaintiff Tommy Dille, acting *pro se*, brings a complaint related to his termination from employment with Defendant Day & Zimmermann NPS, Inc. Based on a liberal construction of the *pro se* complaint, Plaintiff appears to assert a claim that his termination was simply unfair in and of itself as well as some type of retaliation or whistleblower claim. Defendants have moved to dismiss for failure to state a claim. The Court will dismiss Plaintiff's straight challenge to his termination with prejudice, but allow him an opportunity to amend the complaint and attempt to assert a valid retaliation or whistleblower claim.

Plaintiff worked for Day & Zimmermann at the Perry Nuclear Power Plant in Perry, Ohio. In January 2013, he was discharged by site manager Dave Balatincz for allegedly sleeping during a pre-job briefing. The discharge also carried a one-year suspension from subsequent employment. Plaintiff denies he was sleeping and indicates nobody would tell him who reported that he was sleeping. Plaintiff also alleges that in November 2012, he and two others raised some sort of safety issue "pertaining to safety

barriers." He alleges that when he mentioned the problem to a project manager for Roth Bros Roofing Company (the relation between the various personnel, companies, and projects involved is unclear), that person threatened to have him removed from the project, and further that the site manager who preceded Balatincz attempted to discipline Plaintiff and the others for raising the safety issue. Plaintiff also alleges he contacted OSHA, which directed him to the Nuclear Regulatory Commission, which told him they did not cover the issue. Plaintiff states that his attempt to file a grievance with the union was rebuffed and that he decided to file an EEOC complaint, though it is not clear whether he in fact did so. He filed this suit on May 15, 2013, and Defendants moved to dismiss on June 20, 2013, for failure to state a claim.

Plaintiff's complaint definitely purports to make a straight claim that he should not have been fired. His response to the motion to dismiss confirms that impression, stating that he is entitled to relief because the termination was "based on a falsehood," that witnesses could testify he was not sleeping during the briefing, and that "even though the state of Pennsylvania does not like to stick their nose into the employers business that the rules of fundamental fairness should apply. The reason given should not be based on false information."

But of course the at-will employment doctrine does generally prevent courts from simply reviewing the propriety of an employer's decision to discharge an employee; that is, an employee cannot sue when discharged for reasons that are simply unfair, only when discharged for reasons that are illegal, such as racial discrimination. *See Thakur v. R.W. Johnson Pharm. Research Inst.*, 268 F. Supp. 2d 521, 531 (E.D. Pa. 2003) (noting, even where discrimination has actually been alleged and the question is whether non-

discriminatory reasons for discharge are merely pretextual, that "[a] court may not question an employer's basis for terminating an employee unless that basis is rooted in illegal discrimination or otherwise contravenes the law"). Pennsylvania law[1] does allow suit for wrongful discharge when "terminations violate a 'clear mandate of public policy.'" *Ciferni v. Day & Zimmerman, Inc.*, 529 F. App'x 199, 203 (3d Cir. 2013) (quoting *Geary v. U.S. Steel Corp.*, 319 A.2d 174, 184-85 (1974)).[2] There is no "clear mandate of public policy" violated by terminating an employee based on potentially faulty evidence of wrongdoing. Any claim that Plaintiff's discharge was simply unfair because he was not really sleeping, therefore, must be dismissed with prejudice.

Beyond the basic unfairness of his discharge, Plaintiff does appear to allege that he may have been fired for raising and reporting some kind of safety concern. That kind of retaliatory discharge claim is closer to a viable employment claim, but it is still unclear whether there is a basis for it. A retaliatory discharge claim rests on an employee having been fired in retaliation for engaging in some protected conduct. *See, e.g.*, *Kendall v. Postmaster Gen. of U.S.*, 543 F. App'x 141, 144 (3d Cir. 2013) (discussing retaliation for activity protected under the Rehabilitation Act, which concerns disability discrimination and applies to certain government programs and employers receiving federal financial support), *cert. denied*, 13-1400, 2014 WL 2156612 (U.S. June 30, 2014); *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006) (explaining that a case for retaliation under Title VII requires adverse employment action causally connected to a plaintiff's

---

[1] The Court refers to Pennsylvania law for the sake of general discussion but is not determining what law would actually apply to any potential claim in this case. As mentioned below, if the only claims Plaintiff can legitimately raise depend on state law, the case may be subject to dismissal from federal court anyway because diversity of citizenship in this matter is at best questionable.

[2] Even that exception to the at-will doctrine may not apply in this case, which appears to involve union and collective bargaining issues. *See Ciferni*, 529 F. App'x at 202-04.

engagement in activity protected by Title VII); *Baldassare v. New Jersey*, 250 F.3d 188, 194-95 (3d Cir. 2001) (setting forth the test for a claim of retaliation regarding activity protected by the First Amendment with respect to *public* employers and employees). Reporting a safety issue is obviously not related to discrimination (under Title VII, the Rehabilitation Act, or otherwise), and the First Amendment does not extend to private employers such as the Defendants.

It is possible that some other legal provision, such as a whistleblower law, protects Plaintiff's activity of reporting the safety issue and prohibits retaliation. Plaintiff's complaint reveals very little about the nature of the safety issue, though the allegation that he was referred to the Nuclear Regulatory Commission suggests perhaps the issue was something particular to nuclear energy operations. 42 U.S.C. §5851 does prohibit discharge of an employee for taking certain actions with respect to violations of the Atomic Energy Act of 1954, 42 U.S.C. §2011 *et seq.*, but there is no way of knowing whether that would apply here, and in any event Plaintiff has not alleged making the administrative complaint required by 42 U.S.C. §5851(b).

There may also be state whistleblower provisions, though if Plaintiff can bring *only* state claims, the case may have to be dismissed because it is unclear this Court would have jurisdiction. Plaintiff checked "diversity of citizenship" as the basis for jurisdiction on his complaint form, but diversity jurisdiction "requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). While citizenship depends on more than just an address, *Itiowe v. Robert Wood Johnson Univ. Hosp. at Hamilton*, 12-CV-6977

JAP, 2013 WL 5406670 (D.N.J. Sept. 25, 2013), aff'd, 556 F. App'x 124 (3d Cir. 2014), the fact that Plaintiff lists both himself and Defendant Balatincz as having Ohio addresses would surely cause the Court to question whether it has diversity jurisdiction in this matter. There may be some other whistleblower or similar provision that covers this case, but Plaintiff has not identified any. Even with due regard for Plaintiff's *pro se* status, he must raise somewhat more specific claims.

      In conclusion, Plaintiff's claim that his discharge was unfair or unfounded will be dismissed with prejudice, and he may not reassert it. Plaintiff may, however, file an amended complaint to more specifically raise a retaliation or whistleblower claim, which must identify with at least some clarity what legal provisions protect his safety report and prohibit discharging him in retaliation for the report. The amended complaint must also demonstrate a federal question or diversity of citizenship to provide this Court with subject matter jurisdiction.